# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Stefan Atkinson, P.C.
To Call Writer Directly:
+1 212 446 4803
stefan.atkinson@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

September 13, 2022

**By Email and ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl St, Courtroom 18D
New York, NY 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

      Re:    *Tang Capital Partners, LP v. BRC Inc.*, No. 22-cv-3476 (S.D.N.Y.)

Dear Judge Lehrburger:

      Pursuant to Rule III.B of the Court's Individual Practices, and Federal Rules of Civil Procedure 12(b)(6) and 12(d), BRC Inc. ("BRC") requests a pre-motion conference or, in the alternative, a briefing schedule on a motion to strike Tang Capital Partners, LP's ("Tang Capital" or "Plaintiff") "Expert" Report of John J. Huber, dated August 30, 2022 (Dkt. 34-1) (the "Huber Report"), all discussion of that report in Plaintiff's Memorandum of Law in Opposition to BRC's Motion to Dismiss (Dkt. 33), as well as any unpled factual assertions in Plaintiff's opposition brief.

**I.    Relevant Procedural History**

      Following the exchange of pre-motion letters, on June 29, 2022, the Court set a briefing schedule on Defendant's motion to dismiss. (Dkt. 24.) On July 14, 2022, the Court held an Initial Case Management Conference (the "Hearing") (Dkt. 27) and issued a Civil Case Management Plan and Scheduling Order (Dkt. 26). During the Hearing, Plaintiff broached the topic of expert discovery and the Court indicated that experts would only potentially be relevant "[a]ssuming you get past a motion to dismiss stage." (Tr. 6:2–3.) Plaintiff's counsel agreed. (Tr. 6:4.) Consistent with the briefing schedule, BRC filed its motion to dismiss on July 29, 2022. (Dkt. 30.) Plaintiff filed its opposition brief on August 30, 2022. (Dkt. 33.) Plaintiff appended the Huber Report to that brief (Dkt. 34-1) and relied heavily upon the Huber Report's improper legal opinions as to the meaning of federal securities laws to support Plaintiff's legal argument (*See, e.g.*, Ex. A at 3).

**II.    The Federal Rules Do Not Permit Plaintiff to Introduce Evidence Outside the Scope of the Complaint in Opposition to a Motion to Dismiss.**

      "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable*

## KIRKLAND & ELLIS LLP

Hon. Robert W. Lehrburger
September 13, 2022
Page 2

*L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Where "matters outside the pleadings" are presented to the Court on a Rule 12(b)(6) motion, the Court must either exclude that material or convert the motion to one for summary judgment. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006); *Goel v. Bunge, Ltd.*, 820 F.3d 554, 560 (2d Cir. 2016).

Here, there is no question that the Huber Report is outside the scope of the Complaint. Such improper submissions are extremely rare—unsurprisingly, since the limit on material that may be considered under Rule 12(b)(6) is known even to first-year law students. The appropriate response is to strike and disregard the Huber Report. *See Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017) (declaration "outside the Court's purview at this stage"); *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, 137 F. Supp. 3d 1157, 1163 n.5 (N.D. Cal. 2015) ("such a[n expert] declaration is not appropriate for the court to consider on a motion to dismiss").

Indeed, the Court *already addressed* this issue at the July 14 Hearing. In arguing for discovery on industry practice, Plaintiff's counsel also suggested expert discovery may be needed:

> Mr. Brodsky: Your Honor, that there are cases, as Your Honor knows, where expert discovery is particularly helpful in complex cases involving the securities industry, and there are a number of cases that reach that conclusion. The *Bilzerian* case comes to mind. There's some SEC decision[s] which say expert testimony in securities cases are often important and critical in complex federal securities cases.
>
> The Court: Assuming you get past a motion to dismiss stage perhaps.
>
> Mr. Brodsky: That is correct, Your Honor . . . .

(Tr. 5:18–6:4.) But Plaintiff disregarded the Court's admonition, presumably reasoning that the consequences of doing so would be worth the benefit—an opportunity to prejudice Your Honor's adjudication of this motion with an "expert" report opining only on issues of law. In effect, Plaintiff rolled the dice, betting that even if the Court ultimately disregards the report, Your Honor would be unable to truly un-see it and would let this case go forward into discovery believing the issues are too complex to resolve at this stage. The Court must reject Plaintiff's gamble.

The Court should also disregard all discussion of the Huber Report in Plaintiff's opposition brief, which is likewise outside the scope of a motion to dismiss. To aid the Court in identifying the improper expert or factual material, BRC's attaches hereto as **Exhibit A** a highlighted copy of Plaintiff's opposition brief identifying all such improper material.

The alternative under Rule 12(d) of converting BRC's motion to a summary judgment motion is improper here. Conversion is ordinarily appropriate only where the *defendant* injects factual material outside the pleadings into a Rule 12(b)(6) motion, or the parties consent. *See, e.g.*, *Abbott Lab'ys v. Frank*, 2018 WL 10529808, at *2 (E.D.N.Y. July 3, 2018) (converting motion

## KIRKLAND & ELLIS LLP

Hon. Robert W. Lehrburger
September 13, 2022
Page 3

and "not[ing] that both sides have indicated a willingness to proceed on this course"). Any conversion of BRC's motion to dismiss would be manifestly prejudicial and would reward Plaintiff's gamesmanship in flouting the Federal Rules.

### III.     Plaintiff's Submission of the Huber Report Willfully Violates the Scheduling Order.

Plaintiff's submission of the Huber Report is not only procedurally improper, it also violates the Scheduling Order and the Court's guidance at the Hearing. As agreed by the parties and *ordered* by the Court, expert discovery does not even begin until after November 21, 2022. (Scheduling Order ¶ 9.d.)

Moreover, there is a good reason the Scheduling Order is structured as it is. Expert reports require vetting via the opportunity to submit rebuttal reports, the opportunity to depose the purported expert, and the opportunity to file *Daubert* motions to address compliance with Federal Rule of Evidence 702. That Plaintiff seeks to sidestep that process is no surprise. The Huber Report features four opinions, all of which are improper legal opinions regarding the meaning of SEC regulations and the legal effect of SEC filings. (*See* Huber Report ¶ 12.) That experts may not opine of legal issues is so well-established that "every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *See In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001). Furthermore, those improper legal opinions are grounded in nothing more than SEC rules, SEC regulations, and Mr. Huber's say-so, which would independently merit exclusion under *Daubert*. *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 678 (S.D.N.Y. 2013) ("The law is clear that mere ipse dixit is not appropriate expert testimony because it is not based on reliable methodology, as *Daubert* requires.")

That said, BRC cannot reasonably move to exclude Mr. Huber's improper opinions without first retaining its own rebuttal expert and deposing Mr. Huber. BRC has not done so because it has litigated this case in compliance with the Federal Rules and the Scheduling Order. Plaintiff's flouting of those requirements merits striking the Huber Report. Not once during the months since it commenced this case, including during the parties' many conferrals over scheduling and process, did Plaintiff's counsel ever mention that it might submit an expert report in opposition to a motion to dismiss; Plaintiff should not be rewarded for its disingenuous prosecution of this case.

### IV.    Plaintiff's Assertion of Unpled Facts in Its Opposition Brief Via Lawyer Argument Also Violates the Federal Rules.

Plaintiff's opposition brief also makes unpled factual assertions via lawyer argument. *See* Ex. A at 4 (factual assertion as to how Plaintiff "attempted to exercise its Warrants"); *id.* at 10 n.4 (describing that Plaintiff "has uncovered further statements" that are not pled in the Complaint). Those assertions should also be stricken. *See HB v. Monroe Woodbury Cent. Sch. Dist.*, 2012 WL 4477552, at *5 (S.D.N.Y. Sept. 27, 2012).

## KIRKLAND & ELLIS LLP

Hon. Robert W. Lehrburger
September 13, 2022
Page 4

                                            Sincerely,

                                            /s/ *Stefan Atkinson*
                                            Stefan Atkinson, P.C.