# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

September 16, 2022

<u>VIA ECF</u>

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St, Courtroom 18D
New York, NY 10007

Re:   *Tang Capital Partners, LP v. BRC Inc.*, No. 22 Civ. 3476 (S.D.N.Y.) (RWL)

Dear Judge Lehrburger:

On behalf of Plaintiff Tang Capital Partners, LP ("Tang Capital") and pursuant to Rule III.D of the Court's Individual Practices, we respectfully submit this response to Defendant BRC Inc.'s ("BRC") September 13, 2022 pre-motion letter. ECF No. 36. BRC's proposed motion to strike John Huber's expert report does not meet the requirements of Federal Rule of Civil Procedure 12(f)(2) and would not make sense. Early disclosure of an expert report does not violate any rule, and BRC is free to challenge Mr. Huber's expert testimony and to test his sworn statements in discovery.

Tang Capital submitted its expert report early to rebut assertions in BRC's motion to dismiss brief inconsistent with the at-issue transaction documents and ordinary securities law practice, and with the full understanding that this Court will decide to what extent, if any, it takes the Huber Report into account as the Court independently analyzes and assesses the law. BRC does not and cannot challenge that Mr. Huber is a leading authority on United States securities registration rules and practices, the former Director of the SEC's Division of Corporate Finance, and the person who supervised the SEC's original proposal and adoption of its Form S-4 and its adoption of Rule 415—the form and rule at issue here. And BRC does not challenge that Mr. Huber is uniquely qualified to speak to the history, intention, custom, and practice of the SEC's rules regarding the offering of securities registered in connection with business transactions.

Marshaling the publicly available transaction documents—which are appropriate to consider on a motion to dismiss, *see* ECF No. 33 at 8 n.2—and drawing on his decades of securities registration and regulation experience, Mr. Huber concluded that certain assertions advanced in BRC's motion to dismiss brief are wrong, and we are compelled to bring that information to the Court's attention at the earliest possible juncture. For example, Mr. Huber concluded that, contrary to BRC's assertions in its motion to dismiss brief: (a) Form S-4 may be used to register the offer and sale of *both* warrants and the shares issuable upon exercise of the warrants; (b) this is what BRC's January Form S-4 disclosed to the investing public; (c) in connection with the January Form S-4, BRC paid the SEC for the registration of the

**GIBSON DUNN**

Hon. Robert W. Lehrburger, U.S.M.J.
September 14, 2022
Page 2

offer of shares underlying the warrants ; (d) BRC caused the warrants and shares to be listed on the New York Stock Exchange in reliance on the January Form S-4; and (e) BRC's later-filed Form S-1 was unnecessary and duplicative. ECF No. 34-1 at 10–12. In sum, there is nothing improper about making these points to the Court, or drawing upon Mr. Huber's expertise. This Court of course will determine the applicable law and decide the pending motion accordingly. Bringing additional information and expertise to the Court's attention regarding the law should not be treated with disdain and scorn.

BRC's proposed motion to strike would be meritless. BRC's pre-motion letter does not mention, much less satisfy, the legal standard for a motion to strike under Federal Rule of Civil Procedure 12(f). By its terms, Rule 12(f) applies to "pleadings," not motion papers, and may be used to strike only "an insufficient defense" or "redundant," "immaterial, impertinent, or scandalous matter," none of which BRC alleges about the Huber Report, nor could it so allege. Second Circuit courts have long disfavored motions to strike as inefficient and unnecessary in ordinary course litigation. *See, e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."); *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, at *26 (S.D.N.Y. Sept. 9, 2021) ("[M]otions to strike are viewed with disfavor and infrequently granted." (citations omitted)). BRC's pre-motion letter does not even try to meet this high legal standard.

BRC's requests that this Court ignore the Huber Report are unduly overdefensive. Mr. Huber's opinions relate to the SEC custom and practice and the origin and purpose of its rules, commonly permitted subjects of expert testimony in cases involving esoteric matters of securities registration or trading. *See, e.g.*, *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 180 (S.D.N.Y. 2008) (allowing securities expert "testify as to the customs and practices of the industry," but not to ultimate legal conclusions); *In re Blech Sec. Litig.*, 2003 WL 1610775, at *19 (S.D.N.Y. Mar. 26, 2003). The customary and appropriate registration of securities issued in connection with a de-SPAC transaction, and the marshaling of complicated and lengthy securities registration statements, is an ideal subject for specialized testimony from a knowledgeable expert to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Indeed, BRC acknowledges that Mr. Huber's testimony is relevant when it states that it seeks the opportunity to "first retain[] its own rebuttal expert and depos[e] Mr. Huber." Ltr. 3. The Court will rule on the pending motion to dismiss based on the law, and can consider or not consider how our expert understands securities registration history, custom and practice, and the transaction documents at issue, in evaluating the law for itself.

# GIBSON DUNN

Hon. Robert W. Lehrburger, U.S.M.J.
September 14, 2022
Page 3

BRC alleges violations of the Court's scheduling order, Ltr. 3, but nothing in the Case Management Plan or the Federal Rules prevents early disclosure of expert materials, and BRC does not identify any case in which an early expert report was struck. *Cf. Tung v. Bristol-Myers Squibb Co.*, 2020 WL 5849220, at *5 (S.D.N.Y. Sept. 30, 2020) ("plaintiff can rely on expert testimony to bolster the factual allegations of its complaint, but the Court may not consider any legal conclusions offered by the expert"), *aff'd sub nom. Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343 (2d Cir. 2022). BRC now has a head start on rebutting the analysis of a preeminent expert in the field, and it is free to seek out contrary expert testimony with such information in hand.

Similarly, BRC's complaint that Tang Capital introduced two allegedly unpled facts into its opposition motion papers, Ltr. 3, is no basis for a full briefing of a motion to strike. BRC misleadingly suggested Tang Capital was not a Registered Holder of the at-issue warrants, and therefore lacked contractual standing, when Tang Capital's Complaint clearly alleged its Registered Holder status. Compl. ¶¶ 17, 52. Tang Capital was right to underscore this well-pleaded fact in the briefing. Regardless, BRC's own cited case law, though factually inapposite, makes clear the remedy in this context is for the Court to decline to consider such facts for purposes of the motion, and therefore "it is not necessary to . . . strike" the materials. *HB v. Monroe Woodbury Cent. Sch. Dist.*, 2012 WL 4477552, at *5 (S.D.N.Y. Sept. 27, 2012) (citation omitted) (declining to consider on a motion to dismiss, but also not striking, affirmation "which is essentially a regurgitation of the factual allegations in the" complaint).

For the foregoing reasons, Tang Capital respectfully submits that BRC's proposed motion to strike is futile and should be rejected without the necessity of a pre-motion conference or further briefing.

Respectfully Submitted,

*/s/ Reed Brodsky*
Reed Brodsky