UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2022

Tang Capital Partners, LP,

                    Plaintiff,

        - against -

BRC Inc.

                    Defendant.

No. 22 Civ. 3476 (RWL)

**CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER**

        WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

        **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

        1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

        2.      Counsel for any party may designate any document or information, in whole or in part, for attorneys' eyes only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that constitutes Confidential Information and further contains highly sensitive business or personal information that, if disclosed, would likely cause significant competitive, commercial or financial harm to the producing party.  Information and documents designated by a party as for attorney's eyes only will be stamped "ATTORNEYS' EYES ONLY."  The parties intend and expect that the "ATTORNEYS' EYES ONLY" designation will be used sparingly, in good faith, and under limited circumstances, and not as a blanket designation.

        3.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

        4.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information

disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.     Documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

a.     The requesting party and counsel, including in-house counsel;

b.     Employees of such counsel assigned to and necessary to assist in the litigation;

c.     The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

d.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e.     Deposition and trial witnesses and their counsel during the course of depositions or testimony in this action; witnesses and their counsel may not be shown documents designated "ATTORNEY'S EYES ONLY" unless the witness appears on, created, or previously saw the document itself, or Counsel has a good-faith basis to believe that the witness has personal knowledge of the document or its contents; and

f.     Deposition and trial witnesses, including witnesses whom counsel reasonably expects will be a deposition or trial witness in the action, in preparations for their depositions or testimony provided that counsel for a party determines that the Confidential Information is reasonably necessary to the anticipated subject matter of the testimony, providing the Confidential Information would not cause competitive harm; witnesses and their counsel may not be shown documents designated "ATTORNEY'S EYES ONLY" unless the witness appears on, created, or previously saw the document itself, or Counsel has a good-faith basis to believe that the witness has personal knowledge of the document or its contents.

6.     Prior to disclosing or displaying the Confidential Information to any person described in Section 5(d)–(f), counsel must:

a.     Inform the person of the confidential nature of the information or documents;

b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.      The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.      Any document or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery shall be filed with the Court under seal, unless the party that designated the document or information indicates that such document or information does not need to be filed under seal.  The parties shall follow the Court's Individual Practices Section III.G, including the obligation to confer in good faith regarding the scope of any necessary redactions.

11.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**.

Dated:  December 16, 2022
      New York, New York

By:  */s/ Reed Brodsky*             By:  */s/ Stefan Atkinson*

Reed Brodsky                        Stefan Atkinson, P.C.
David Salant                         Byron Pacheco
Andrew Freire                      Jacob M. Rae
                                      KIRKLAND & ELLIS LLP
GIBSON, DUNN & CRUTCHER LLP      601 Lexington Avenue
200 Park Avenue                   New York, NY 10022
New York, NY 10166            Telephone: (212) 446-4800
Telephone: (212) 351-3917       stefan.atkinson@kirkland.com
                                      byron.pacheco@kirkland.com
                                      jacob.rae@kirkland.com

*Attorneys for Plaintiff Tang Capital*      *Attorneys for Defendant BRC, Inc.*
*Partners, LP*

**SO ORDERED.**
Dated:  12/19/2022

_____
Hon. Robert W. Lehrburger
United States Magistrate Judge

4

**EXHIBIT A**

**Agreement To Be Bound By Protective Order**

       I have been informed by counsel that certain documents or information that may be disclosed to me in connection with the matter entitled *Tang Capital Partners, LP v. BRC Inc.*, No. 22 Civ. 3476 (S.D.N.Y.) (RWL) have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Name: _____

Dated: _____ ___
       New York, New York