# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

April 11, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/2024
```

VIA ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St, Courtroom 18D
New York, NY 10007

Re:   *Tang Capital Partners, LP v. BRC Inc.*, No. 22 Civ. 3476 (RWL)

Dear Judge Lehrburger:

Pursuant to Rule III.B of the Court's Individual Practices in Civil Cases, the Appendix containing Rules for Redactions and Filing Under Seal, and the Court's Confidentiality Stipulation and Protective Order, ECF No. 47 ("Protective Order"), Plaintiff Tang Capital Partners, LP ("Tang Capital") respectfully submits this letter-motion to seal certain materials in connection with its forthcoming summary judgment and *Daubert* motion papers.

With respect to its own documents filed in connection with this briefing, including excerpts of the deposition transcripts of Tang Capital witnesses, Tang Capital seeks permission file public versions of these documents with minor redactions covering sensitive business information such as account numbers, the identity of Tang Capital's counterparties, and the names of investments not at issue in this case. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (outlining "countervailing factors" that weigh in favor of confidentiality notwithstanding the presumption of public court proceedings).

With respect to Defendant BRC's (and other third parties') documents that Tang Capital is filing in connection with this briefing, Tang Capital seeks leave to preliminarily file under seal all discovery materials BRC or third parties designated "Confidential" or "Attorney's Eyes Only" pursuant to the Court's Protective Order, and to redact quotations of these materials in Tang Capital's briefs.  While Tang Capital does not believe all this information must be permanently sealed on the public docket, at this juncture it is filing the unredacted versions of these documents under seal in observance of BRC's and third parties' confidentiality designations.

Tang Capital respectfully proposes that, after the pending motions are fully briefed on May 31, 2024, the parties be allowed two weeks to review each other's filings; meet and confer to determine what of their discovery materials filed by the other party should be re-filed publicly; and then apply for permission to maintain under seal any materials filed by the other party that the producing party believes should remain permanently seal.  Tang Capital and BRC should also be directed to notify any third party whose discovery materials marked Confidential they

**GIBSON DUNN**

Hon. Robert W. Lehrburger, U.S.M.J.
April 11, 2024
Page 2

filed in their briefing, so that these third parties have notice and reasonable opportunity to appear and move for permanent sealing of their discovery materials within two weeks of the completion of the briefing. Tang Capital proposes this approach as an efficient way to address all at once the sealing issues associated with the pending motions.

Respectfully Submitted,

/s/ Reed Brodsky
Reed Brodsky

> The request to file under seal provisionally is granted. With respect to both parties' motions, the parties shall follow the proposed schedule and plan herein for addressing redactions following completion of briefing. The Court appreciates the parties' cooperation. The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 142 and 154.
>
> SO ORDERED:
>
> 4/12/2024
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE