# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

David Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

June 14, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2024
```

<u>VIA ECF</u>

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St, Courtroom 18D
New York, NY 10007

Re:   *Tang Capital Partners, LP v. BRC Inc.*, No. 22 Civ. 3476 (RWL)

Dear Judge Lehrburger:

Pursuant to the Court's April 12, 2024 Order, ECF No. 164, Plaintiff Tang Capital Partners, LP ("Tang Capital") respectfully submits this application to redact the publicly docketed versions of 23 documents filed in connection with the parties' recently completed summary judgment and *Daubert* briefing. A chart of the 23 documents, the bases for redactions, and the docket location of proposed redacted versions, is set forth in the accompanying declaration of Michael Hearne.

Across the briefing, 117 documents were filed provisionally under seal because a party or third party had designated the document Confidential pursuant to the Court's governing Protective Order, ECF No. 47. The parties have since conferred regarding each other's documents and solicited the sealing positions of third parties whose documents were filed in the briefing.[1] Today under separate cover, the parties submitted a list of 62 of these documents that all parties agree may be unsealed in full. *See* ECF No. 192. The remaining 55 documents are those that at least one party believes should be permanently sealed or redacted on the public docket.

Tang Capital submits that redactions to the publicly filed versions of 23 of its documents are merited here. The presumption of public access to judicial documents is not absolute. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To determine whether documents should be

---

[1]  With one exception, all third parties whose documents were filed in the briefing informed Tang Capital that they would not be moving to seal their documents. The exception is the five documents Tang Capital filed that were produced by the third party Citibank. *See* ECF Nos. 158-47, 158-48, 158-49, 158-64, 158-79. Ford O'Brien Landy LLP, which represents Tang Capital in connection with its subpoena to Citibank in this action, asked if Citibank would consent to the unsealing of the short quotations of these documents appearing in Tang Capital's briefing. Citibank replied that, "Citi's position is that as a non-party its confidential documents and communications should remain under seal -- including any quotes from those materials in the parties' briefing. Should the Court determine to unseal these materials, Citi respectfully requests the opportunity to propose redactions before they are unsealed."

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

Hon. Robert W. Lehrburger, U.S.M.J.
June 14, 2024
Page 2

filed under seal, courts first "determine the weight of [the] presumption" in favor of unsealing, and then "balance competing considerations against [the weight of that presumption]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* at 119 (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where the court need not "reference or otherwise rely on" certain information to adjudicate the matter at hand, "the weight of any presumption [of public access] is limited." *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019). Courts may also deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Tang Capital seeks narrow redactions covering two types of information. *First*, redactions should be permitted to shield information identifying Tang Capital's other trades and trading strategy. *See* ECF Nos. 158-57, 158-60, 158-102, 158-103, 162-15, 179-2, 179-3, 179-7, 179-8, 179-9, 179-10, 179-11, 179-12. *Second*, redactions should be permitted to protect Tang Capital's confidential business information such as its private sources of funding, its liquidity and financial status, and its brokerage and bank account information. *See* ECF Nos. 158-60, 158-100, 158-101, 158-102, 158-106, 158-109, 162-1, 162-24, 162-25, 162-26, 166, 170-2, 179-4, 179-8, 179-10, 179-11, 189. As set forth in the accompanying declaration of Michael Hearne, Tang Capital's CFO, this information is held confidential in the ordinary course of business, and its public disclosure risks commercial competitive injury to Tang Capital. *See* Hearne Decl. ¶¶ 3–4.

**Trading records and trading strategy relating to securities other than BRC's.** "Exposure to its competitors" of a party's confidential business strategy is a "competitive injury . . . sufficiently serious to warrant protection." *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (collecting cases). Thus, confidential "information concerning . . . trading strategies, objectives and transactions . . . overcomes the presumption of public disclosure." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 7188795, at *1 (S.D.N.Y. Dec. 7, 2016) ("[P]rintouts shall be redacted so as to reveal only the trades . . . at issue in this action."); *City of Providence v. BATS Glob. Markets, Inc.*, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (sealing information where necessary to "protect . . . trading strategies from public disclosure"); *In re Term Commodities Cotton Futures Litig.*, 2022 WL 485005, at *9 (S.D.N.Y. Feb. 17, 2022) (sealing information regarding parties' "trading strategies" and "positions"). This type of information must be redacted to "prevent[] disclosure of this sensitive information regarding [Tang Capital's] trading and business strategies." *BATS Glob. Markets, Inc.*, 2022 WL 539438, at *3.

There is no countervailing public access interest to this information, since the proposed redacted trading information is unrelated to the BRC securities at issue in this case. This

# GIBSON DUNN

Hon. Robert W. Lehrburger, U.S.M.J.
June 14, 2024
Page 3

information is thus of no "'value . . . to those monitoring the federal courts'" because it does not "'directly affect [the] adjudication.'" *Lugosch*, 435 F.3d at 119 (citation omitted). Tang Capital's interest in the confidentiality of its trading strategies therefore outweighs any "weak presumption of access for that information given the limited role [it] will play in the Court's adjudication of the pending motions." *BATS Glob. Markets, Inc.*, 2022 WL 539438, at *5; *see also In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6; *Amodeo*, 71 F.3d at 1052 ("[T]he presumption [of public access] is weak" where the information "bears only a marginal relationship to the performance of Article III functions.").

**Confidential business information.** "[C]ourts in this District regularly seal documents that might disclose confidential business information." *Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2023 WL 8720150, at *4 (S.D.N.Y. Dec. 18, 2023); *see also Tropical Sails Corp.*, 2016 WL 1451548, at *4 (collecting cases). This includes confidential information about business structure, *Energy Transp. Grp., Inc.*, 2023 WL 8720150, at * 3–4, as well as "private financial information," *City of Almaty v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021); *see also Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) (Lehrburger, J.) (redacting information reflecting private organization's revenue figures for "competitive harm reasons").

Nor is there any substantial countervailing interest in public access to this information, particularly because it has no direct connection to the adjudication of this action. *Lugosch*, 435 F.3d at 119; *BATS Glob. Markets, Inc.*, 2022 WL 539438, at *5.

For these reasons, Tang Capital respectfully moves that the Court grant its application to redact the public versions of the 23 documents as proposed in the accompanying declaration of Michael Hearne and the exhibits thereto.

Respectfully Submitted,

/s/ David Salant
David Salant

Having considered the relevant factors under Lugosch and its progeny, the Court finds that the pared-down and limited requests for sealing redacted material are warranted. Accordingly, the request to maintain the redacted material under seal is granted.

SO ORDERED:

6/17/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE