**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 6/17/2024

June 14, 2024

Having considered the relevant factors under Lugosch and its progeny, the Court finds that the pared-down and limited requests for sealing redacted material are warranted. Accordingly, the request to maintain the redacted material under seal is granted.

**VIA ECF**

Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

SO ORDERED:

6/17/2024   /s/ Robert W. Lehrburger

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:   Tang Capital Partners, LP v. BRC Inc., No. 22-cv-3476 (RWL)

Dear Magistrate Judge Lehrburger:

Pursuant to Local Rules 5.2(b) and 7.1(d), the United States District Court, Southern District of New York's Sealed Records Filing Instructions, Section III.G, the Appendix to the Court's Individual Practices in Civil Cases, and the Court's Order provisionally granting the parties' request to file under seal (ECF No. 164), Defendant BRC Inc. ("BRC") respectfully submits this letter motion requesting to maintain under seal portions of the Memorandum of Law in Support of Motion for Summary Judgment (ECF No. 144) ("Motion") and the Rule 56.1 Statement (ECF No. 146) filed by Tang Capital Partners, LP ("Tang"), as well as portions of certain exhibits to the Declaration of David Salant filed April 11, 2024 (ECF No. 158) ("Salant Declaration"). BRC's proposed redacted versions of these filings are attached herewith (the "Proposed Redacted Filings").

A presumption of public access to judicial documents exists under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). However, that presumption is overcome where the Court makes "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Id.* at 120 (citation omitted). Where documents contain "sensitive information that, if disclosed, might harm [a party's] competitive standing," "the privacy interests outweigh the public's interest in the redacted [or sealed] material." *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020); *see also Rubik's Brand Ltd. v. Flambeau, Inc.*, 17-CV-6559, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (holding that documents that "contain confidential and/or competitively sensitive business information that, if

disclosed, would result in competitive harm" may properly be redacted or sealed). Applying this framework, "courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *Rand v. Travelers Indem. Co.*, 21-CV-10744, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023).

The Proposed Redacted Filings contain commercially sensitive and confidential financial information, and legal advice and information belonging to BRC (and, in some instances, third parties) that was designated Confidential or Highly Confidential pursuant to the Court's Confidentiality Stipulation and Protective Order (ECF No. 47).[1] BRC's proposed redactions to these filings are narrowly tailored to protect its interests and the interests of third parties and will not significantly impair the public's right of access to judicial documents or the Court's ability to publicly adjudicate the parties' cross-Motions for Summary Judgment. *Cf. Turner Network Sales, Inc. v. Dish Network L.L.C.,* No. 17-CV-7599, 2019 WL 147372, at *2 (S.D.N.Y. Jan. 9, 2019) (denying sealing motion where "the parties ask the Court to seal, in essence, *all* of the material critical to the adjudication of the pending motion for summary judgment"). The material in question is peripheral to the central legal question before the Court on Summary Judgment—whether BRC's Form S-4 registered the BRC Warrants—and therefore its "role in the performance of Article III duties is negligible ... [so] the weight of the presumption [of public access] is low." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotations and citations omitted). For the reasons described below, the Court should grant BRC's motion to seal portions of these documents.

**BRC Financial Information and Third-Party Financial Advice.** BRC seeks to narrowly redact from certain of the Proposed Redacted Filings commercially sensitive BRC financial information as well as advice provided to BRC by its third-party financial advisors, including Citi, William Blair, and KPMG. Disclosure of this information would put BRC at a competitive disadvantage by revealing proprietary financial analysis and advice. *Sec. & Exch. Comm'n v. Telegram Grp.*, 19-CV-9439, 2020 WL 3264264 at *3 (S.D.N.Y. June 17, 2020) ("[D]isclosure of internal financial analyses of a business opportunity by a professional investment firm could reveal proprietary analysis and provide competitors with an unearned advantage."); *see also Graczyk*, 2020 WL 1435031, at *9 (permitting redaction of "sensitive financial information" that "might harm [the movant's] competitive standing" if revealed). Disclosure of this information threatens to damage BRC's ability to compete in capital markets. *See Nat'l Broad. Co. v. U.S. Small Bus. Admin.*, 836 F. Supp. 121, 124 (S.D.N.Y. 1993) (granting redaction of documents that "contain confidential financial information relevant to Apex's financial status and/or the financing of Apex. . . . [g]iven the sensitive nature of that information, the Court finds that disclosure would both impair the SBA's ability to obtain similar information in the future, and cause harm to Apex's competitive position").

---

[1] BRC understands that Citi wishes to maintain under seal certain documents it produced in this litigation under a Confidential designation that were filed as Exhibits to the Salant Declaration (ECF No. 158) and the portions of the same that are quoted or described in Tang's Motion and 56.1 Statement. BRC respectfully requests that Citi be given an opportunity to present its arguments for keeping these documents under seal should the Court find the arguments beneficial.

Moreover, much of this information is not only competitively sensitive for BRC, but also threatens competitive harm to BRC's third-party advisors by revealing their proprietary advice and approaches. Such "privacy interests of innocent third parties" is a higher value that may merit sealing and "should weigh heavily in a court's balancing equation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023).

**Legal Advice to BRC.** BRC also seeks to redact certain legal advice and opinions, including communications involving BRC's counsel at Kirkland and Ellis; BRC's General Counsel, Andrew McCormick; and advice from Paul Hastings, counsel to BRC's SPAC sponsor, SilverBox, with whom this Court has previously found that BRC shares a common legal interest. *See* Order, ECF No. 122 (finding common interest privilege applied to communications "specifically focused on requesting or providing information for legal advice for compliance with securities regulations and/or mitigation of potential litigation."). Even where such information is not privileged for the purposes of disclosure in litigation, it may properly protected from public disclosure where it threatens harm, *see Zornoza v. Terraform Glob.*, No. 16-md-2742, ECF No. 760, at 2 (S.D.N.Y. Apr. 11, 2023) (granting motion to seal portions of Rule 56.1 Counterstatement that "quote from . . . legal advice to the SunEdison board" that was produced in litigation). The potential harm to companies from disclosure of legal advice can be "a compelling reason" to withhold a judicial document from public access. *See Lugosch*, 435 F.3d at 125.

**Personal Financial Information.** Certain of the Proposed Redacted Filings contain information concerning third parties' investments in or compensation by BRC. Because the identities of these individuals are of little or no probative value and their privacy interests are strong, this information should remain under seal. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information" of parties and third parties, including information about compensation); *O'Connor-Roche v. RBC Capital Mkts.*, No. 22 Civ. 1467, 2022 WL 769329, at *1 (S.D.N.Y. Mar. 14, 2022) ("Balancing these factors against the low presumption of public access, the parties' privacy interests outweigh the public's interest in the redacted materials. . . . [T]he requested redactions are very few, and each is reasonably tailored to protect sensitive financial information."); *Whittaker v. MHR Fund Mgmt.*, No. 20 Civ. 7599, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) ("[C]ourts in this Circuit have expressly recognized privacy interests in keeping investor names and third-party compensation details confidential, when disclosure could embarrass or harm third party individuals while offering little value to the monitoring of the federal courts." (internal quotations omitted)). BRC respectfully requests that this information remain under seal.

Finally, in the event that Tang submits a letter motion opposing any of BRC's or any third party's sealing requests, BRC requests the opportunity to submit a short letter in reply.

Sincerely,

*/s/ Jason D. Sternberg*

Jason D. Sternberg