**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

No. 22-CV-3476

April 18, 2025

> BRC's request for a one-week extension until April 29, 2025, to file the pretrial order and associated materials is granted. However, the punitive damages issue should be addressed through the forthcoming in limine motions.
>
> SO ORDERED:
>
> 4/21/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

The Honorable Robert W. Lehrburger, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18D, New York, NY 10007

Dear Judge Lehrburger:

In accordance with Section I.D of the Court's Individual Practices, BRC Inc. respectfully submits this letter motion for an extension of time to file the joint pretrial order and associated materials on the grounds that (1) an enlargement of time to submit the pretrial materials until April 29, or until such time as the Court deems appropriate would promote efficiency and minimize prejudice, and (2) BRC's counsel has a press of professional obligations and personal commitments, including international travel and an evidentiary hearing scheduled for next week, that will make it difficult for BRC to finalize the pretrial materials by the current deadline, April 22, 2025. This is the first request by either party for an extension of time. Plaintiff Tang Capital Partners, LP has stated that it will oppose this request.

As detailed in BRC's concurrently filed letter motion, on April 10, 2025—one day before the parties' mutually agreed date to exchange drafts of pretrial materials—Tang served amended Rule 26(a) disclosures on BRC disclosing, for the first time in this three-years long litigation, that Tang intends to seek punitive damages at trial. Tang's new punitive damages claim is premised on a never-before-disclosed contention that BRC committed the independent tort of fraud against not just Tang, but also unjoined third parties, and that this unalleged fraud was egregious and accomplished with criminal intent. As discussed in its separate letter, BRC respectfully submits that the Court should preclude Tang from pursuing its just-disclosed claim for punitive damages under Federal Rule of Civil Procedure 37(c)(1).

Tang's belated request for punitive damages would fundamentally transform this case: from the witnesses and evidence BRC would use to rebut Tang's new contention that BRC committed an fraud with criminal intent,[1] to the time required for trial, to the elements Tang would

---

[1] Indeed, Tang's week-old disclosure, if permitted, would transform this suit from a straightforward breach-of-contract dispute into one involving allegations (baseless as they are) of criminal fraud committed by a public company. While BRC firmly believes these accusations are meritless and should not be part of this case—as outlined in its concurrently filed separate letter motion—this significant shift, disclosed only eight days ago, requires BRC to thoughtfully reassess its trial strategy, including identifying appropriate witnesses who can address these new allegations if necessary. Expecting BRC to fully incorporate these considerations into its pretrial submissions by April 22 is unreasonable given the

need to prove, to the evidentiary standards that would apply, to the evidence that would be relevant to the elements of Tang's new predicate fraud claim, to the nature of the arguments the parties would raise for excluding such evidence in their motions *in limine*,[2] to the instructions the Court would give the jury. While the parties have progressed their draft joint submissions and BRC has diligently worked to meet the current April 22 deadline, doing so now would be exceedingly difficult, particularly given the uncertainty shrouding the proper scope and substance of the trial, which significantly increases the probability of disputes over the supplementation of witness lists and exhibit lists in the weeks to come.

For these reasons, BRC respectfully submits that a brief extension of time, until April 29, or such time as the Court believes appropriate, will promote efficiency. Guidance from the Court on whether Tang's newly disclosed punitive damages claim is properly in the case will narrow the disputed issues between the parties about the proper scope and nature of the trial, ultimately reducing wasted effort and minimizing the burden on the Court, including the likely need for supplemental pretrial materials if the parties were required to initially submit them before the Court's ruling regarding punitive damages.

Additionally, BRC seeks this brief extension of the deadline to submit the pretrial materials due to the press of professional commitments of its lead counsel and other members of its counsel team—in particular, an all-day evidentiary hearing scheduled for next week. Additional time would thus facilitate finalization of the pretrial materials. BRC seeks this brief extension neither for the purpose of delay nor for any other improper purpose, and respectfully submits that a brief extension will ultimately serve the interests of the parties, counsel, and Court.

Respectfully submitted,

*/s/ Jason D. Sternberg*

Jason D. Sternberg

---

magnitude of Tang's late-disclosed claim. A modest extension would serve the interests of justice by ensuring that both parties have adequate time to prepare comprehensive pretrial materials that properly frame the issues for trial. This approach aligns with the Federal Rules' "policy of full disclosure [that is] fundamental to federal litigation" and their rejection of "[t]rial by ambush." *Point Prods. A.G. v. Sony Music Ent., Inc.*, 2002 WL 31856951, at *5 (S.D.N.Y. Dec. 19, 2002).

[2] In particular, the vast majority of exhibits and designated testimony Tang will seek to introduce could only be relevant to its punitive damages theory. As one of many examples, roughly one-third of the exhibits on Tang's current draft exhibit list are communications involving BRC's then-VP of Investor Relations, Tanner Doss—*none* of which Tang was copied on or even aware of at the relevant time. That is because Tang never spoke to Doss—or even tried to—during the events that gave rise to this litigation. Doss's communications would be plainly irrelevant to a narrow trial about fixing the proper measure of Tang's compensatory damages, and BRC expects that the nature and scope of the parties' arguments for introducing or excluding such communications (among other evidence) will vary depending on the proper scope of the trial.

2