```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TANG CAPITAL PARTNERS, LP,                    :
                                              :
                          Plaintiff,          :      22-CV-3476 (RWL)
                                              :
            - against -                       :
                                              :      ORDER
BRC INC.,                                     :
                                              :
                          Defendant.          :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Defendant BRC's letter motion at Dkt. 253 for clarification or reconsideration of the Court's in limine ruling at Dkt. 250 concerning exclusion of Professor Hendershott's supplemental damages report. The motion is GRANTED. The Court incorrectly assumed that the supplemental report's new calculations using a March 10 mitigation start date accounted for the entire difference in Professor Hendershott's new calculations. Apparently they did not. The incorrect assumption provides a basis for both clarification and/or reconsideration.

Defendant BRC presents a second supplemental set of calculations by Professor Hendershott that BRC asserts excludes all warrants Tang purchased *after* March 11, 2022 (which is consistent with the titles of Professor Hendershott's tables) rather than March 10, 2022. (Dkt. 253-1.) In opposition, Tang characterizes the new calculations as excluding all warrants purchased *on or after* March 11, and objects to any new calculations as yet another belated set of damages calculations that BRC and its expert should have disclosed before the close of expert discovery.

Regarding the "on or after" issue, the information before the Court does not allow it to determine who is correct. Regardless, the proper delineation is whether Tang acted

1

reasonably in purchasing warrants *after the parties' last communication* with each other on March 11 (the "March 11 Point"). If the calculations at Dkt. 253-1 encompass warrants purchased before that Point In Time, then those calculations are not permitted.

Tang correctly observes that the Court "made clear that it is up to the jury to determine whether Tang Capital acted reasonably in purchasing additional Warrants after BRC's breach on March 11, 2022." (Dkt. 256 at 1.)  And BRC is correct that in the event the jury were to conclude that Tang failed to act reasonably by purchasing any warrants after the March 11 Point, then jurors will need calculations reflecting that finding.  Tang is also correct that Professor Hendershott's newest calculations assume that Tang necessarily acted unreasonably in purchasing any additional warrants.  That is not, however, a basis for exclusion.  Experts most always are asked to make assumptions in forming their opinions.  Tang, of course, will be free at trial to challenge that assumption.

The bottom line is that the jury should have the tools it needs to arrive at a proper damages figure based on its factual findings.  The Court agrees with BRC that "jurors should be focused on mitigation, not math, especially when, as here, the damages calculation is based on math that both parties' experts agree on." (Dkt. 253 at 3.)

Accordingly, Professor Hendershott may offer new mitigation calculations that take into account warrants purchased after the March 11 Point.  Additionally, Tang's damages expert may (but need not) offer supplemental calculations using alternative dates keyed to purchase of warrants after the March 11 Point. (For example, excluding only warrants purchased after the date Tang sold warrants instead of attempting to exercise them.)

Unless otherwise agreed to by the parties, the parties shall exchange any new calculations on or before **July 11, 2025** at **12:00 noon**, and shall meet and confer about conducting brief depositions of the experts regarding any new calculations.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   July 7, 2025
         New York, New York

Copies transmitted this date to all counsel of record.