UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TANG CAPITAL PARTNERS, LP,                :
                                          :           22-CV-3476 (RWL)
                          Plaintiff,      :
                                          :           **ORDER:**
           - against -                    :           **EXHIBITS**
                                          :
BRC Inc.,                                 :
                                          :
                          Defendant.      :
---------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the disputed trial exhibits on the parties' respective exhibit lists. (*See* Dkts. 258, 259.) The parties shall modify their exhibit lists accordingly and file updated exhibit lists by **July 17, 2025**. Additionally, (i) the exhibit rulings shall also guide the parties' objections concerning deposition testimony designations, and (ii) BRC's renewed objection to Tang Capital's calling Stephen Kadenacy and Greg Iverson as witnesses is overruled; Tang Capital, however, must not question the witnesses about subject matter the Court has excluded by its rulings herein or the Court's orders resolving the parties' motions in limine.

**Rulings Common To Both Parties' Exhibits**

1.  With respect to redactions of references to K&E or counsel, the Court agrees with BRC. Redacting the information makes confusing much of what is stated and risks misleading the jury. BRC is not asserting advice of counsel as a defense, and BRC already has been determined to have breached its contractual obligations as the jury will be told. Unredacting the references poses no risk of confusing the jury. To the extent this ruling may be considered inconsistent with the Court's previous in limine ruling,

1

reconsideration is warranted given that the Court has now had the benefit of reviewing particular exhibits, which the Court previously did not have.

2. With respect to redactions of information pertaining to other securities held or traded by Tang Capital, the Court has overruled Tang Capital's objections in instances where the following conditions apply: (a) the information is limited (such as to one other security), (b) the other securities are warrants, (c) the information appears alongside information about BRC warrants, and (d) the document is not a Trillian chat (which chats are difficult to parse, tend to include and pose greater risk of confusion and prejudice). The objections are sustained in instances where the information is more extensive (such as listings of all securities held by Tang Capital), does not concern warrants, does not appear alongside information about BRC warrants, or is a Trillian chat, in which case all information other than that related to BRC must be redacted. The Court finds that this achieves the correct consideration and balancing of relevance, probative value, and prejudice pursuant to Fed. R. Evid. 401-403.

## Tang Capital's Exhibits

3. Objections to the following exhibits are overruled, subject to the ruling above regarding redaction of advice of counsel references to the extent applicable: 3, 19, 23, 25-26, 91, 93, 96-97, 99, 108-09.

4. Objections to the email and text communications between BRC and other investors are overruled as previously determined in resolving the parties' motions in limine, subject to the ruling above regarding redaction of advice of counsel references. *See* Exs. 3, 6-12, 14-18, 20-21. Additionally, the Court finds that the quantity of such

exhibits on Tang Capital's list is cumulative. Accordingly, Tang Capital shall narrow down the number of such exhibits to no more than eight.

5. Objections to the following exhibits are sustained, and such exhibits shall not be admitted: 13, 22, 34, 41-43, 56, 83.

6. Objections to redaction are sustained; the exhibits may be admitted but shall not be redacted for information about non-BRC securities. See Exs. 26-29, 37, 63-64.

7. With respect to Ex. 89 (BRC's answers to interrogatories), the exhibit may be used to impeach or as basis for stipulated facts, but the document itself shall not be admitted as an exhibit unless reason to do so presents itself at trial.

8. With respect to Ex. 111 (Arnold expert report), expert reports generally are not admissible; however, the Court reserves judgment depending on developments at trial. Additionally, summary charts, calculations, and such appearing in expert reports may, depending on the circumstances, be admissible as demonstratives or exhibits unto themselves.

## BRC Exhibits

9. With respect to exhibits for which BRC does not object to Tang Capital's proposed redactions, the Court assumes any dispute is moot and therefore does not address those exhibits herein.

10. Objections to the following exhibits are overruled: 2, 10, 22-24, 30, 39, 68, 94, 97, 117.

11. Objections to the following exhibits are sustained in part; the exhibits are admissible subject to redaction of all non-BRC information: 4, 7-8, 12, 14, 20, 41, 45, 58, 60, 63, 65, 67.

12. Objections to the following exhibits are sustained, but the exhibits are admissible subject to redaction of NAV information: 57, 59, 61, 62, 64, 66.

13. Objections to Exhibit 31 are sustained in part. BRC Ex. 31 may be admitted, subject to redaction of all substantive information after the first paragraph. The information to be redacted goes beyond simple references to K&E and counsel and consists of technical legal discussion concerning, e.g., "offerings done on a continuous basis." The information is likely to confuse the jury, and the probative value is substantially outweighed by prejudice.

14. Objections to the following exhibits are sustained, and such exhibits shall not be admitted: 102.

15. With respect to Exs. 104-105 (Hendershott expert reports), expert reports generally are not admissible; however, the Court reserves judgment depending on developments at trial. Additionally, summary charts, calculations, and such appearing in expert reports may, depending on the circumstances, be admissible as demonstratives or exhibits unto themselves. Tang Capital's objections based on nondisclosure are overruled as per prior motion in limine ruling.

16. Objections to the following exhibits cannot be determined at this time without further information: 32 ("StockTwits"); 106-109 (SEC S-1 filings); 111-112 (SEC S-1 correspondence); 113 (Wang deposition); 114 (analyst Lee S-1 email inquiry); 116

4

(analyst Fonseco S-1 email inquiry).  The Court will discuss these exhibits with the parties at a conference preceding trial.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:    July 14, 2025
          New York, New York