UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TANG CAPITAL PARTNERS, LP,                          :
                                                                     :          22-CV-3476 (RWL)
                                            Plaintiff,         :
                                                                     :          **ORDER:**
                              - against -                   :          **EXHIBITS (II)**
                                                                     :
BRC Inc.,                                                          :
                                                                     :
                                         Defendant.       :
--------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      The Court held a final pre-trial conference via Microsoft Teams on July 18, 2025. This order resolves issues raised during the conference as well as in the parties' letters at Dkts. 265 and 268. Any rulings herein that diverge from those made in the Court's July 14, 2025 order on exhibits at Dkt. 261 supplant those previously made.

**Advice of Counsel Redactions**

      1.    Upon re-review of the relevant exhibits, the Court agrees with Tang Capital that BRC Exhibit 31 is not materially different in the legal explanation provided and its attribution to outside counsel Kirkland & Ellis ("K&E") as compared to several other exhibits the Court has deemed admissible. (*See, e.g.*, Tang Capital Exs. 16, 18, 25.) Accordingly, there is no basis to treat the admissibility and redaction of Exhibit 31 any differently than the admissibility and redaction of other similar exhibits.

      The issue which Tang Capital asks the Court to reconsider, however, is the extent to which the group of documents at issue – namely, communications between BRC (particularly Tanner Doss) and investors other than Tang Capital – should be redacted to conceal the source – namely, outside counsel K&E – of the information communicated by

1

BRC to the investors.  Tang seeks to make use of the communications at trial but with redactions of references to outside counsel.

According to Tang Capital, permitting the jury to see the references to K&E will be prejudicial because doing so may lead the jury to conclude that BRC is not as culpable as it actually is and thereby lead to a diminished damages award.  The Court does not agree that the risk of confusing the jury is as palpable as Tang Capital contends.  This is a breach of contract case.  Liability has been established.  Trial is only about the amount of compensatory damages to be awarded.  Motivation is not a relevant issue.  Punitive damages are not at issue.  As explained in the July 14 order, redaction is more likely to sow confusion than is not redacting the communications:  "Redacting the information makes confusing much of what is stated and risks misleading the jury.  BRC is not asserting advice of counsel as a defense, and BRC already has been determined to have breached its contractual obligations as the jury will be told. Unredacting the references poses no risk of confusing the jury."[1]  (Dkt. 261 at 1.)

It is tempting to resolve the issue simply by excluding all of BRC's communications with investors other than Tang Capital as BRC desires.  Although the Court previously has ruled in Tang Capital's favor that BRC's communications with investors other than BRC may be corroborative of BRC's flip-flopping positions, the degree of relevance is relatively low.  Yet, each party has raised concerns about confusion and prejudice posed by either redacting or not redacting references to outside counsel.  It would not be unreasonable to conclude that the risk of confusion and undue prejudice from either

---

[1] These circumstances distinguish this case from those on which Tang Capital relies for the well-established proposition that advice of counsel cannot be used as a shield and a sword at the same time.

course of action – redacting or not redacting – outweighs the probative value of the communications.

There is, however, another solution that achieves a fair and just result and for which the risk of undue prejudice and confusion does not substantially outweigh probative value under the circumstances.  That is to admit the communications without redaction but accompanied by a limiting instruction to the jury.  To that end, the Court has crafted the following jury instruction:

> During trial, you have been presented with exhibits, particularly email, in which BRC communicated with investors other than Tang Capital.  Some of those exhibits refer to Kirkland & Ellis or outside counsel as having been the source of information provided to BRC.  Those exhibits have been admitted only for the limited purpose of showing what BRC communicated to investors, not what BRC's lawyers told BRC.  The exhibits are not evidence that any advice or information provided by outside counsel or Kirkland & Ellis to BRC was correct or that such information justified BRC's actions in any way.  BRC is not relying on advice of counsel as a defense to having breached its contractual obligations.  As I have told you, BRC breached its contractual obligations and is responsible for doing so.

Any objections or proposed changes to the instruction shall be submitted by Monday July 21, 2025 at 2:00 p.m.

### Tang Capital Exhibits

2.    Exs. 13, 22, and 41 remain excluded.

3.    Ex. 42 is admissible, subject to redaction of the message at 4:47:32.

4.    Ex. 43 is admissible.

5.    Ex. 56 is admissible but without the attachment at page 4.

6.    Ex. 83 is admissible, subject to redaction of the messages on page 1 at 10:55 am and 10:55:31 am.

7.    Tang shall make no argument about BRC's motivation such as avoiding dilution or flushing warrants.

## BRC Exhibits

8.    BRC shall produce to Tang Capital an unredacted copy of Ex. 19.  Such production does not waive privilege in any way; nor does it waive Tang Capital's right to have the material remain redacted if the exhibit is offered into evidence.

9.    Exhibit 32 is admissible but not for the truth of the matters asserted.

10.    Exhibits 106-109 and 111-112 are admissible but not for the truth of the matters asserted.  The Court reserves judgment on whether the jury should be instructed that during the relevant time period Tang Capital did not know about either Exhibit 111 or 112; whether such an instruction is warranted will depend on context and how the proof unfolds at trial.

11.    Exhibits 113, 114, and 116 are withdrawn.

12.    Exhibit 117 is admissible, subject to it being limited to Tang Capital's trading in BRC, not any other securities.

## Other Matters

13.    As has been agreed, if BRC plans to inquire or introduce evidence about Odonate, it must first raise the matter with the Court outside the presence of the jury.

14.    Opening statements shall be limited to one hour per party.

15.    Jury instruction No. 15 (mitigation) shall remain as currently drafted.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:    July 18, 2025
          New York, New York

Copies transmitted this date to all counsel of record.